Renfroe *vs.* McDaniel.

---

GEORGE M. RENFROE, survivor, plaintiff in error, *vs.* WILLIAM W. McDANIEL, defendant in error.

When a judgment had been obtained in a Common Law Court upon a warranty for the sale of a slave alleged to be unsound, and a bill was filed to open and set aside said judgment, on the ground that it was a contract for the sale of a slave: *Held*, that a general demurrer to said bill for want of equity, was properly sustained by the Court below.

Breach of warranty of slave. Equity. Before Judge WORRILL. Muscogee Superior Court. May Term, 1869.

Renfroe *vs.* McDaniel.

Pinckard & Renfroe sold McDaniel a slave; he paid them $1,650 00 for her, and they warranted her sound. In October, 1863, McDaniel sued them for a breach of said warranty, and in May, 1867, obtained a judgment against them for $585 50. Upon this judgment a *fi. fa.* was issued in March, 1869, and it was levied upon Pinckard's property. Pinckard is dead. Renfroe, as surviving partner, by his bill against McDaniel and the sheriff, brought these facts to the attention of the Chancellor, and prayed for an injunction against said *fi. fa.*, because, as he averred, it was founded upon a judgment which was a debt, of which the consideration was a slave, and was, therefore, such as could not be enforced in this State.

To this bill a general demurrer was filed. It was sustained, and that is assigned as error.

SMITH & ALEXANDER, for plaintiff, in error.

L. T. DOWNING, M. J. CRAWFORD, for defendants in error.

WARNER, J.

This was a bill filed by the complainant to open and set aside a judgment obtained on a warranty for the sale of a slave, alleged to have been unsound at the time of the sale, on the ground that it was a contract for *the sale of a slave* as contemplated by the Constitution of 1868. The bill was demurred to in the Court below, and the demurrer sustained. In our judgment there was no error in the judgment of the Court sustaining the demurrer, and dismissing the bill, on the statement of facts contained therein.

Let the judgment of the Court below be affirmed.